IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA PETERSON, | No. C 12-00988 SI |
| Plaintiff, | **ORDER OF DISMISSAL FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al. | |
| Defendants. | |

On February 21, 2012, *pro se* plaintiff Victoria Peterson filed a complaint seeking money damages from the City and County of San Francisco ("CCSF") and Deborah B. Honig. The complaint alleges that on May 5, 2007, plaintiff was involved in an automobile accident. Compl. at ¶ 1. For the following year, she received physical therapy services through the "Healthy San Francisco" program run by CCSF. *Id.* at ¶ 2. CCSF later filed an allegedly invalid medical reimbursement lien against her for the cost of the medical treatment. *Id.* at ¶ 5. Plaintiff paid the lien after a threat by CCSF that non-payment would affect her career and credit rating. *Id.* at ¶ 9.

Plaintiff alleges violations of the "Fifth Amendment (takings and procedural and substantive due process), Fourteenth Amendment (equal protection), [and the] Thirteenth Amendment (involuntary servitude)." *Id.* at p. 3. She also alleges violations of Cal. Gov. Code § 945.6, negligence, and emotional distress. *Id.* Plaintiff filed an application to proceed *in forma pauperis.* Doc. 2.

When a plaintiff proceeds *in forma pauperis*, a court shall *sua sponte* ("on its own accord") dismiss a case at any time if the court determines that the action fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); *Kunamneni v. Gutierrez*, 2009 WL 909831, at *1 (N.D.

Cal. 2009) (Hamilton, J.). Although plaintiff argues that defendant violated her Fifth, Thirteenth, and Fourteenth Amendment rights, she has not properly stated a federal claim for those alleged violations. The Thirteenth and Fourteenth Amendments are not self-enforcing. Rather, Section 2 of the Thirteenth Amendment and Section 5 of the Fourteenth Amendment grant Congress the power to enact legislation with the purpose of enforcing those amendments. *See City of Boerne v. Flores*, 521 U.S. 507, 518-519 (1997). Congress has authorized suits alleging violations of the Thirteenth and Fourteenth Amendments in 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege two elements: (1) that a person acting under the color of state law (2) violated a right secured by the Constitution or laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has not alleged her action under § 1983 or any other federal statute. Moreover, with respect to her Fifth Amendment claim, plaintiff has not alleged that CCSF has taken her property without just compensation.

The Court therefore finds that plaintiff has failed to state a claim cognizable in federal court, and DISMISSES the complaint WITH LEAVE TO AMEND. Plaintiff may file an amended complaint that states a federal claim upon which relief may be granted by **May 14, 2012**. The Court will rule on plaintiff's *in forma pauperis* application at that time. Plaintiff is also advised that this action may be brought in state court.

For further assistance, the Court refers plaintiff to the Legal Help Center, located in the San Francisco federal courthouse at 450 Golden Gate Avenue, 15th Floor, Room 2796 San Francisco, CA 94102, and reachable at (415) 782-9000 x8657.

**IT IS SO ORDERED.**

Dated: March 30, 2012

SUSAN ILLSTON
United States District Judge

2